IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| THOMAS HASIBAR, | ) | |
| | ) | Civ. No. 04-0536-E-BLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM DECISION |
| v. | ) | AND ORDER |
| | ) | |
| LAMB-WESTON, INC., et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## INTRODUCTION

The Court has before it motions to dismiss filed by the defendants.  The

Court heard oral argument on April 6, 2005, and the motions are now at issue.  The

Court will grant in part the motions for the reasons expressed below.

## ANALYSIS

In an affidavit, plaintiff concedes that his state law claims against Lamb-

Weston should be dismissed.  Plaintiff's state law claims against defendant

Premera Blue Cross must likewise be dismissed as preempted by ERISA.

Plaintiff argues that he should be allowed to maintain a claim that provisions

**Memorandum Decision & Order – page 1**

of the Plan are unconscionable under Idaho Code § 41-1813.  That statute does not create a private right of action and so cannot constitute the basis for a claim.  As Premera's counsel stated at oral argument, plaintiff remains free to argue under ERISA that the Court should reform any portion of the Plan that is unconscionable.  But that claim is part of the ERISA claim, and cannot be pled separately as an independent basis for recovery.

When the state claims are removed, only two claims remain: (1) a claim for benefits under ERISA, and (2) a claim for breach of fiduciary duty seeking the payment of benefits under ERISA.  This second claim is improper because only the Plan may recover damages for a breach of fiduciary duty.  *See Horan v. Kaiser Steel Retirement Plan*, 947 F.2d 1412, 1418 (9th Cir. 1991).  The complaint contains no claim on behalf of the Plan.  Thus, the breach of fiduciary duty claim seeking recovery of benefits must be dismissed.

At oral argument, the plaintiff asserted that he had alleged a claim for a penalty under ERISA due to defendants' failure to provide plaintiff with the Plan documents.  There is no such claim in the complaint.  To the extent that any such claim is intended to be alleged, it shall be dismissed because it was not pled so that it could be understood.

At the conclusion of the oral argument, the Court granted the motions to

**Memorandum Decision & Order – page 2**

strike the jury demand.  The only remaining claim is under ERISA, and ERISA does not provide for jury trials.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motions to dismiss (docket nos. 8 & 14) are GRANTED IN PART AND DENIED IN PART. They are granted to the extent they seek to dismiss all claims except for the ERISA claim for benefits.  They are denied in all other respects.

IT IS FURTHER ORDERED, that the motions to strike (docket no. 10 & 16) are GRANTED.

DATED:  **April 7, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision & Order – page 3**